## Dewees, et al. v. Bozarth, et al.

(Decided September 22, 1910.)

### Appeal from Grayson Circuit Court.

This is an action for a sale of the land of W. R. Dewees, deceased, and a division of the proceeds among his heirs. The land was divided and sold in two tracts, one of 154.72 acres, and the other 91.62 acres. By mistake, a deed was made by the Commissioner to the purchaser of the large tract for 158 acres instead of 154.72. This deed was ordered to be corrected, and a deed made to the purchaser for 154.72 acres, to which he excepted and appealed. Affirmed.

L. A. FAUREST, M. A. ARNOLD and G. W. STONE, for appellants.

W. O. JONES, J. C. GRAHAM, and H. W. STOY for appellees.

Opinion of the Court by Judge Carroll—Affirming.

In a suit to have the land of W. R. Dewees sold and the proceeds divided among his heirs at law, the judgment described the land as being in two tracts, one containing 150 acres and the other 102 acres, more or less. It also directed the commissioner before making the sale to have the land surveyed and divided into three suitable and convenient tracts, and to offer the three tracts separately and then as a whole, and to accept the bid that realized the most money. In accordance with the direction in the judgment the land was surveyed and divided into three tracts, one containing 66.41 acres, another 88.31 acres and another 91.04 acres. After this survey was made, the commissioner, as appears from his report, sold the land in two tracts, one described as containing 154.21 acres, and the other as containing 91.64 acres—the purchaser being the appellant, Joseph

Jones. The sale was confirmed, and afterwards on motion of the purchaser the court entered an order directing the commissioner to convey to him the land "shown on the plat of the surveyor John D. Baxter as lot No. 1, containing 66.41 acres, and lot No. 2, containing 88.31 acres." The other tract, containing 91.64 acres was sold by Jones to Majors, and the order directed that a conveyance be made to Majors for this last mentioned tract. In pursuance of this order the commissioner made a deed which recites that it was made in pursuance of an order "directing the commissioner to execute a deed of conveyance of tracts Nos. 1 and 2 according to Baxter's plat of said land," but the deed describes the land as containing 158 acres. It will be observed that in the body of the deed the commissioner conveyed to Jones 158 acres, when the two boundaries that he purchased contained, according to the survey of Baxter, only 154.72 acres. In this action a judgment was rendered, decreeing that Jones under his bid only purchased and obtained title to the boundary of land described in the two tracts surveyed by Baxter, which he purchased; and that he was only entitled to 154.72 acres in place of 158 acres. Of this judgment Jones complains and insists that he purchased and obtained a deed for 158 acres. There is some conflict in the record, but it is, we think, apparent that the commissioner sold the land according to the survey made by Baxter and that Jones purchased according to this survey and consequently only bought 154.72 acres. The order directed the commissioner to make a deed to Jones for 154.72 acres, and the commissioner in making this deed should have followed the order and have conveyed to Jones the land as described in the survey made by Baxter. As he failed to do this, the lower court in the record now before us properly directed that the deed made by the commissioner to Jones should be reformed so as to conform to the boundaries of the Baxter survey.

Upon the other branch of the case it appears that the suit before mentioned to have the land of W. R. Dewees sold was brought by the appellant, James F. Dewees, against the other heirs, and it was evidently the intention of the parties to have a decree directing a sale of all the land owned by W. R. Dewees at the time of his death. But it appears that by inadvertence or for some reason all the land owned by him was not sold or ordered

to be sold. The controversy presented on this branch of the case is between the appellant, James F. Dewees and the heirs of W. R. Dewees, and grows out of the fact that the heirs are attempting to have sold for the purpose of dividing the proceeds, a tract of land containing as they insist 75 acres that they contend was owned by W. R. Dewees and not sold or ordered to be sold in the suit to settle his estate. While the appellant, James F. Dewees, contends that all the land owned by W. R. Dewees was sold in the suit to settle his estate, and that he, James F. Dewees, is and was the owner of the land that the heirs of W. R. Dewees claim was owned by their ancestor. The lower court took the view that there was left unsold of the landed estate of W. R. Dewees 40 3-4 acres, and directed a sale of it, and a division of the proceeds. Of this judgment the appellant, James F. Dewees, complains, as do also the appellees by cross-appeal—the appellant insisting that he owns the land directed to be sold, while the appellees contend that the judgment should have directed a sale of 75 acres in place of 40 acres. The record presents a number of disputed questions of fact that it scarcely seems necessary to extend this opinion in discussing. It is sufficient to say that after careful consideration of the record we have reached the conclusion that the chancellor's judgment is substantially correct, and so the judgment upon both the original and cross-appeal is affirmed.